David DAY; John J. Fitzgerald; Herbert L. Kelly; William E. Frey; Hillary Webb, Sr.; Ralph Jones; Julia Virginia Sansone, Plaintiffs–Appellants,

v.

NLO, INC.; NL Industries, Inc., Defendants–Appellees.

No. 92–3667.

United States Court of Appeals, Sixth Circuit.

Argued June 10, 1993.

Decided Aug. 23, 1993.

Stanley M. Chesley (briefed), Paul Michael DeMarco (briefed), Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Arthur R. Miller (argued), Cambridge, MA, David M. Cook (briefed), Thomas J. Kircher, Kircher, Robinson, Cook, Newman & Welch, Cincinnati, OH, and Ronald Simon, Connerton, Ray & Simon, Washington, DC, for plaintiffs-appellants.

William H. Hawkins, II, Frost & Jacobs, Cincinnati, OH, David M. Bernick, Kevin T. Van Wart (argued and briefed), Kirkland & Ellis, Chicago, IL, John Stephen Wirthlin, Sr., Douglas James Kurtenbach, Beirne &

Wirthlin, Cincinnati, OH, and Herbert L. Fenster, McKenna, Conner & Cuneo, Washington, DC, for defendants-appellees.

Before: MERRITT, Chief Judge; and JONES and NELSON, Circuit Judges.

MERRITT, Chief Judge.

This is a class action brought by ten named plaintiffs under a section of the Price–Anderson Amendments Act of 1988 that created federal jurisdiction for "any public liability action arising ... from an extraordinary nuclear occurrence."[1] 42 U.S.C. § 2210(n)(2) (1988). The plaintiffs—who worked for various periods of time. for contractors and subcontractors at a nuclear plant in Fernald, Ohio (The Feed Materials Production Center) or were related to those who worked there—claim injuries resulting from nuclear radiation leaks. They assert ten different but overlapping claims ranging from negligence, strict liability and breach of contract to fraud and various other intentional torts. They seek $200,000,000 in damages for emotional distress arising from the fear of cancer and other radiation related diseases, as well as loss of income and injury to personal property. The plaintiffs also seek injunctive remedies to insure future medical check-ups and treatment.

The district court held that the statute of limitations barred entirely the actions of six of the plaintiffs and barred the action of another plaintiff in part but held that the statute of limitation did not bar the actions of three of the plaintiffs. 798 F.Supp. 1322

(1992). It then certified its judgment on the statute of limitations issue for interlocutory appeal under Federal Rule of Civil Procedure Rule 54(b).[2] We decline the district court's invitation to decide the statute of limitations issue by interlocutory appeal under Rule 54(b) for the reasons discussed below.

First, this case is simply not ready for a definitive ruling on appeal because the causes of action have not been adequately defined through the adjudication process. Judge Speigel recognized the evolving nature of plaintiffs' claims in an order issued after the statute of limitations trial, stating "both parties to this litigation appear to change their claims and defenses" as the case proceeds. 811 F.Supp. 1271, 1280 n. 9 (S.D.Ohio 1992). There is substantial evidence of such changes in the record. Plaintiffs' complaint alleges property damage and damage from emotional distress, but a number of the plaintiffs, including those whose claims were not held to be time barred, testified at the statute of limitations trial that they had not suffered property damage. In his November 20th order, Judge Speigel indicated that plaintiffs were claiming physical injury although no such injury was alleged in their complaint, and he dismissed all claims of the former employee sub-class except those involving intentional tort. He found that the other claims were covered by workers compensation. It seems likely that the plaintiffs will seek to amend their complaint to reflect these changes. Until the nature of the

---

1. The Price–Anderson Act was enacted in 1957 as an amendment to the Atomic Energy Act to encourage private sector investment in the development of nuclear power by limiting the liability of private owners and operators in the event of a nuclear incident. Under the Act, private owners and operators are required to purchase a specified amount of insurance, and damages awards over and above that amount are then indemnified by the government. In August, 1988, Congress enacted the Price–Anderson Amendments Act of 1988, Pub.L. No. 100–408, 102 Stat. 1066 (1988), creating a federal cause of action for "public liability actions" arising from nuclear incidents. See 42 U.S.C. § 2014(hh). The federal courts were granted jurisdiction over these actions, and actions filed in state court were subject to removal. 42 U.S.C. § 2210(n)(2). The amendment was not intended to alter the state law nature of the underlying tort claims. It

provides that "the substantive rules for decision in such action shall be derived from the law of the State in which the nuclear incident occurs, unless such law is inconsistent with the provisions of such section." 42 U.S.C. § 2014(hh). Because the Act provides no statute of limitations, the district court held, and neither party contests on appeal, that the limitations period and accrual and tolling rules must be borrowed from the State law.

2. Rule 54(b) allows a district court hearing an action involving multiple parties or claims to enter final judgment with respect to some but not all of the claims or parties upon an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

claims is finally settled and a precise determination is made whether each states a claim, we cannot properly determine the applicable statute of limitations. A decision as to the applicable statute of limitations turns on the nature of the cause of action.

Second, the claims certified for appeal are so closely related to those still pending before Judge Speigel that the results of that litigation could have a substantial effect on this appeal. The class action includes at least one named plaintiff from each sub-class, seeking exactly the relief sought by these plaintiffs. These plaintiffs remain parties to that litigation through their claims for medical monitoring. The parties have expressed a desire to reach a settlement. This would moot the case. If the case is tried, it is likely that any verdict would be appealed to this court, and we would be required to revisit the same legal issues arising from the same facts with respect to the same parties that we are asked to resolve here.

Finally, we find that these plaintiffs will not be prejudiced by the delay in their appeal. In his order granting plaintiffs' Rule 54(b) motion, Judge Speigel held that it would be more efficient to hear this appeal now because the claims of these seven plaintiffs would either be finally resolved or they could be reincluded in the pending class action. However, it appears from the post trial rulings of Judge Speigel that these plaintiffs' claims for medical monitoring were not included in the limitations trial and so are still pending in the district court. No decision by this court, then, could completely resolve the litigation with respect to any of these plaintiffs.

For these reasons, we find that the test normally followed by the courts of appeals allowing appeal under 54(b) certification has not been met. Rule 54(b) does not allow a district court to "treat as 'final' that which is not 'final' within the meaning of § 1291." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956).

Rule 54(b) is intended "to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2654 (1983). In striking this balance the court should consider a number of relevant factors including, "(1) the closeness of the relationship among the causes of action, (2) the possibility that the need for review might or might not be mooted by future developments in the district court, (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;" as well as other factors such as delay, expense and the relative frivolity of the claims. *Allis–Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir.1975); *see also, Corrosioneering v. Thyssen Environmental Systems,* 807 F.2d 1279 (6th Cir.1986). When the issues involved are complex, as here, we need the full picture before us before we engage in a series of partial or piecemeal rulings. Judicial economy so requires. *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 62 (6th Cir.1986). The district court did not adequately take these factors into account. The Ohio law in this area of nuclear accident is unsettled. The causes of action are as yet undefined by precedent or by rulings of the district court in this case. The nature and definition of the multiple causes of action alleged have not been elaborated on appeal in the briefs. We are therefore loath to apply the various state statutes of limitation at this point in the proceedings. We are not satisfied that we can make a correct decision at this time.

Because the nature of plaintiffs' action is not fully defined and they still have matters pending in the district court, we find that hearing this interlocutory appeal will not serve the interest of judicial economy. We therefore dismiss plaintiffs' appeal as inappropriate for decision at this time under Rule 54(b).