United States Court of Appeals,

Eleventh Circuit.

No. 95-4100.

Barbara KORNBLAU, Plaintiff-Appellant,

v.

DADE COUNTY, a Political Subdivision of the State of Florida,
Defendant-Appellee.

June 20, 1996.

Appeal from the United States District Court for the Southern
District of Florida. (No. 94-655-CIV), Donald L. Graham, Judge.

Before TJOFLAT, Chief Judge, and RONEY and PHILLIPS[*], Senior
Circuit Judges.

RONEY, Senior Circuit Judge:

The district court granted summary judgment in this case for

Dade County and against the plaintiff, who, by this suit, sought

access as a disabled person to a parking space in a private

employee parking lot that she would not have been entitled to use

even if she were not disabled.  We affirm.

There is no issue of fact.  The decision turns on the proper

interpretation of a federal statute and its regulations.

Plaintiff Barbara Kornblau, by virtue of her difficulty in

walking due to arthritis, is a disabled person entitled to the

benefits of Title II of the American with Disabilities Act, 42

U.S.C. § 12132.  The regulations that implement the Act provide

that where parking is provided for a public building, a certain

number of spaces must be provided for the disabled, located on the

shortest accessible route of travel to the entrance of the

---

[*]Honorable J. Dickson Phillips, Jr., Senior U.S. Circuit
Judge for the Fourth Circuit, sitting by designation.

building.  28 C.F.R. pt. 36, app. A, § 4.6.2.

Metropolitan Dade County's Government Center Building provides several public parking lots where plaintiff is entitled to park.  These parking lots meet the requirements for the number and location of disabled parking spaces.  The parking lot closest to the entrance to the building, however, is reserved with marked spaces for the county commissioners and certain senior management officials of the County.  Plaintiff, who is not a County employee, wants the County to provide a disabled parking space in that employees' private lot that would be available to her, basing that claim upon the ADA.

The ADA was enacted to provide a national mandate "for the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1).  Although the Act must be broadly construed, *Kinney v. Yerusalim,* 812 F.Supp. 547, 551 (E.D.Pa.), aff'd 9 F.3d 1067 (3d Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1545, 128 L.Ed.2d 196 (1994), nothing in the Act, its purpose, or the regulations can reasonably be read to give disabled parkers access to areas that would not be available to them if they were not disabled.  The purpose of the Act is to place those with disabilities on an equal footing, not to give them an unfair advantage.  *In re Rubenstein,* 637 A.2d 1131 (Del.1994).  The discrimination that must be eliminated is the discriminatory effect that results because of the disability.  As Judge Ryskamp said in a decision granting a preliminary injunction enforcing the Act in another context, to show a violation of Title II the plaintiff must show disability, the denial of a public benefit, and that such

"denial of benefits, or discrimination was by reason of the plaintiff's disability." *Concerned Parents to Save Dreher Park Ctr. v. City of West Palm Beach,* 846 F.Supp. 986, 990 (S.D.Fla.1994).

Plaintiff seeks to gain an advantage over non-disabled parkers through a confused interpretation of the Accessibility Guidelines adopted as a part of the Department of Justice's Regulations with regard to Title II of the ADA, contained in Appendix A to Part 36 of the Code of Federal Regulations, referred to as "ADAAG." Regulations promulgated by the Department of Justice interpreting the ADA are, of course, entitled to considerable weight. *Noland v. Wheatley,* 835 F.Supp. 476, 483 (N.D.Ind.1993). *See also, Parker v. Bowen,* 788 F.2d 1512, 1518 (11th Cir.1986); *Helen L. v. DiDario,* 46 F.3d 325, 331-32 (3d Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 64, 133 L.Ed.2d 26 (1995); *Thurber v. Browner,* 3 AD Cases 1257, 1994 WL 395007 (N.D.Ill.1994). While we note the regulations cannot require more than a reasonably interpreted Act can require, *see Robbins v. Bentsen,* 41 F.3d 1195 (7th Cir.1994); *Natural Resources Defense Council, Inc. v. United States Envtl. Protection Agency,* 25 F.3d 1063 (D.C.Cir.1994), it is not necessary to fall back on that principle here. The regulations here simply do not require what the plaintiff claims they require.

We are satisfied that Judge Graham made a proper interpretation of the regulations which we set forth in full as follows:

The dispositive issue in this case is whether Dade County is required by the ADA to provide disabled parking spaces for

visitors to the Government Center Building in an adjacent parking lot reserved for County Commissioners and Senior Management Officials. To determine this issue, the Court must review the regulations contained in Appendix A to 28 C.F.R. Part 36.

Kornblau argues that Dade County is not in compliance with 28 C.F.R. Pt. 36, App. A § 4.6.2 and, therefore, is in violation of the ADA. 28 C.F.R. § 4.6.2 provides:

> Accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances.

While Kornblau does not dispute Dade County's argument that this section distinguishes between employee and visitor parking, she insists that the regulations require that disabled parking be provided at the shortest accessible route which in this case would be the employee parking reserved for the County Commissioners and Senior Management Officials.

Dade County contends that 28 C.F.R. § 4.6.2 must be read in conjunction with 28 C.F.R. § 4.1.2(5)(a) which provides in pertinent part:

> If parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with 4.6 shall be provided in each such parking area in conformance with the table below. Spaces required by the table need not be provided in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

The starting point in statutory construction must be the language of the statute itself. *Gonzalez v. McNary,* 980 F.2d 1418, 1420 (11th Cir.1993). A statute should be construed so that effect is given to all its provisions, so that no part of it will be inoperative or superfluous, void or insignificant. *Id.* It is a court's duty to give effect, if possible, to every clause and word of a statute. *Id.* This Court must review both sections 4.6.2 and 4.1.2(5)(a).

With regard to section 4.1.2(5)(a), the first sentence states "[i]f parking spaces are provided for self-parking

employees *or* visitors, *or both,* then accessible spaces complying with 4.6 shall be provided in *each such parking area* in conformance with the table below.' The following two sentences in this section are logically conditioned on the rule contained in the first sentence. The second sentence need not be discussed because it refers to a table showing the minimum number of accessible spaces require. The third sentence, "[t]hey may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured' is referring to the spaces provided for employees or visitors in compliance with the first sentence.

The regulations do not prohibit having separate lots for employees and visitors. In fact, the regulations allow the provision of three separate lots, one for employees, one for visitors or one for both employees and visitors. Parking spaces for the disabled must be provided in each lot on the shortest accessible route of travel from adjacent parking to an accessible entrance. Therefore, for example, if a lot is reserved for employees, a handicapped space must be reserved within the lot. If a handicapped space is not reserved within the lot, then it must be reserved at a location which is equivalent or has greater accessibility in distance, cost and convenience from the reserved lot.

The court finds that Dade County is in compliance with section 4.6.2 as it provides accessible parking spaces for the government center on the shortest accessible route of travel. Dade County is also in compliance with section 4.1.2(5)(a). Accordingly, summary judgment in favor of Dade County is appropriate.

*Kornblau v. Dade County,* [No. 94-0655-CIV-Graham, slip op. at 6-8] (S.D.Fla.1994).

In sum, to base a claim on the ADA, plaintiff must first show she was denied a public benefit. She has failed to do that.

Two points are worth noting. *First,* although plaintiff has no standing to claim that disabled parking places should be available for the senior officials and county commissioners in their parking lot, the ADA Technical Assistance Manual addresses this type of parking facility. The Technical Assistance Manual on ADA's Title III was published by the Justice Department in January 1993 and prepared pursuant to ADA's Title IV, § 12206(c)(3). Technical

Assistance Manual's Section III—7.4300 reads in pertinent part:

Parking (ADAAG § 4.1.2(5)(b)).

ADAAG provides a table with the number of accessible parking spaces required dependent on the size of the lot....

If a lot is limited to the exclusive use of employees, and none of the employees are individuals with disabilities requiring accessible parking, accessible spaces may be assigned to employees without disabilities.

*Second,* plaintiff Kornblau, a lawyer, is a volunteer member of the Dade County Commission on Disability Issues.  It holds monthly meetings.  She is entitled to park in several visitor and visitor/employee lots, all of which provide the requisite number of disabled parking spaces.  In addition, she may attend the meetings by riding the Metrorail or Dade County's Special Transportation Services without charge.  The Special Transportation Services, using mini-vans, sedans, lift equipment vans and small buses, provides portal to portal transportation for Dade County residents who are unable or who do not care to use the Metrorail.  It provides service to the Government Center seven days a week from 4:30 A.M. to 2:30 A.M.

The argument that plaintiff is entitled to valet service for her car is frivolous and needs no comment.

AFFIRMED.