**Joel THROPE, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**STATE OF OHIO, et al., Defendants.**

**No. C–1–96–764.**

United States District Court, S.D. Ohio, Western Division.

May 20, 1997.

Richard Leo Creighton, Jr., Joseph M. Callow, Jr., Patrick F. Fischer, Keating, Muething & Klekamp, Cincinnati, OH, for Joel Thrope.

Stephen Howard Johnson, Ohio Attorney General, Business & Government Regulation Section, Columbus, OH, for State of Ohio, Department of Public Safety, Bureau of Motor Vehicles and Mitchell J. Brown.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for Class Certification (doc. 8), Defendants' Response (doc. 10), and Plaintiff's Reply (doc. 12).

## BACKGROUND

This is an action brought by Plaintiff, Joel Thrope, alleging a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA"). Plaintiff challenges Section 4503.44 of the Ohio Revised Code which governs the issuance of removable windshield placards to be used by persons with disabilities to designate their ability to park in special parking spaces. Plaintiff has brought this action against Defendants, the State of Ohio, the Ohio Department of Public Safety, Charles D. Shipley, in his official capacity as Director of the Department of Public Safety, the Ohio Bureau of Motor Vehicles, and Mitchell J. Brown, in his official capacity as Registrar, Bureau of Motor Vehicles, who are the administrative units of the State of Ohio responsible for the administration of the Ohio Revised Code Section 4503.44.

Section 4503.44 of the Ohio Revised Code provides that "an operator of a motor vehicle displaying a removable windshield placard,

... shall be entitled to park the motor vehicle in any special parking location reserved for persons with disabilities that limit or impair the ability to walk, also known as handicapped parking spaces or disability parking spaces." O.R.C. § 4503.44(G). Section 4503.44 sets forth the criteria used to determine whether a person's limitations on his or her mobility are sufficiently severe to permit the issuance of a windshield placard. Those persons with disabilities that satisfy the criteria set forth by the section must pay a fee of five dollars ($5.00) in order to receive the removable windshield placard. O.R.C. § 4503.44(D). The placard is renewable every five years, and the renewal or replacement of a lost or stolen placard costs an additional five dollars. *Id.*

Plaintiff, Joel Thrope, alleges that he qualified under Section 4503.44 for a permanent windshield placard and was required to pay fees to obtain the placard. He further alleges that the fees imposed to obtain the placard, pursuant to § 4503.44, violates the ADA generally and 28 C.F.R. § 35.130 specifically.

The ADA is a comprehensive law designed to eliminate discrimination against persons with disabilities and to enable such individuals to fully participate in American society. *See generally* 42 U.S.C. § 12101(a) and (b). Title II of the ADA prohibits discrimination against the disabled in public services. The ADA mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA requires that where parking is provided for a public building, a certain number of parking spaces must be provided for the disabled. *See ADA Accessibility Guidelines for Buildings and Facilities,* Appendix A to 28 C.F.R. ch. I pt. 36, § 4.6.2; *Kornblau v. Dade County,* 86 F.3d 193, 194 (11th Cir.1996).

According to the regulations covering the ADA, "[a] public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part." 28 C.F.R. § 35.130(f). This regulation is entitled to considerable weight in interpreting the ADA. *See Kornblau,* 86 F.3d at 194; *Civic Ass'n of Deaf of New York City, Inc. v. Giuliani,* 915 F.Supp. 622, 635 (S.D.N.Y.1996).

Plaintiff, individually and on behalf of all others similarly situated, now moves to certify the following class:

> All Ohio residents or qualified organizations under Chapter 4503 of the Ohio Revised Code who purchased a permanent handicapped windshield placard or a renewal or replacement handicapped windshield placard enabling use of parking accommodations set aside for the exclusive use of persons with disabilities from January 26, 1992, to the present. The class also includes all Ohio residents or qualified organizations under Chapter 4503 of the Ohio Revised Code who will be required to purchase these placards in the future until declaratory and injunctive relief is granted.

Plaintiff and the class seek a declaratory judgment that § 4503.44 violates the ADA and injunctive relief enjoining Defendants from imposing and collecting further fees pursuant to that statute. Additionally, Plaintiff and the class seek reimbursement of the alleged invalid fees collected by Defendants since January 26, 1992.

Thus, pending before the Court is the issue whether this action is maintainable as a class action under Rule 23(a), Rule 23(b)(2) and Rule 23(b)(3). The Court heard oral argument on this issue on March 24, 1997.

## ANALYSIS

### I. CLASS CERTIFICATION

The district court has broad discretion in deciding whether to certify a class. *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996). A class action may only be certified if the court is satisfied that, after a "rigorous analysis," the prerequisites of Rule 23(a) have been met. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372–73, 72 L.Ed.2d 740

(1982). Maintainability as a class action may be determined by the pleadings, although ordinarily the court must probe behind the pleadings to ensure that the prerequisites of Rule 23 have been met. *General Tel. Co.,* 457 U.S. at 161, 102 S.Ct. at 2372-73; *In re AMS,* 75 F.3d at 1079; *Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir. 1974).

The party seeking to utilize the class action device bears the burden of proof. *In re AMS,* 75 F.3d at 1079; *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir. 1976). In order for a class to be certified, all four prerequisites of Rule 23(a) must be met. *In re AMS,* 75 F.3d at 1079. Once those prerequisites are met, then the party seeking certification must demonstrate that the action qualifies under at least one of the subcategories of Rule 23(b). *Id.*

### A. Rule 23(a)

In order to proceed as a class action, the party seeking certification must demonstrate that

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

### 1. Numerosity

■ The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members would be impracticable. Fed. R.Civ.P. 23(a)(1); *In re AMS,* 75 F.3d at 1079. Plaintiff need not demonstrate that it would be impossible to join all the putative class members; rather, he need simply show that joinder in this case would be difficult and inconvenient. *Day v. NLO, Inc.,* 144 F.R.D. 330, 333 (S.D.Ohio 1992), *petition for writ of mandamus denied,* 5 F.3d 154 (6th Cir.1993); *see also Boggs v. Divested Atomic Corp.,* 141 F.R.D. 58, 63 (S.D.Ohio 1991) (stating "[s]atisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required.") There is no strict numerical test used to determine whether joinder is impracticable. *In re AMS,* 75 F.3d at 1079; *Senter,* 532 F.2d at 523. Instead, the court must examine the specific facts of each case. *In re AMS,* 75 F.3d at 1079 (quoting *General Tel. Co. of Northwest v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 1706, 64 L.Ed.2d 319 (1980)). In determining numerosity, the court "may consider reasonable inferences drawn from facts before him at the stage of the proceedings." *Senter,* 532 F.2d at 523.

Plaintiff alleges that the putative class exceeds 300,000 members. Plaintiff bases this assertion on the computer printout obtained from the State of Ohio which lists the names and addresses of every Ohio resident who purchased a permanent handicapped windshield placard from 1992 to the present.

■ Defendants argue that the removable windshield placard is an optional means of identifying a vehicle which is authorized to park in handicapped spaces; designated license plates are the primary means of identifying such vehicles. Therefore, Defendants argue, the placards are not *"required to provide the individual or group with the nondiscriminatory treatment required by the Act"* and thus not a prohibited surcharge according to 28 C.F.R. § 35.130(f) (emphasis added). Although unstated, presumably, Defendants' argument with respect to numerosity is that because the surcharge does not violate the ADA regulations, there is no one in the putative class and thus the numerosity cannot be satisfied.

At oral argument, Defendants also argued that the class description does not exclude from the class those members who own cars. They argued that a placard would not be required for those members of the putative class who own a car because the license plates on the car would be the primary means of identifying his or her right to park in a designated handicapped parking space. Thus, they contend, eliminating from the class the number of persons who own cars would reduce the size of the putative class to

an unspecified number which would defeat the numerosity requirement.

Defendants' arguments do not address the issue whether the number of members of the putative class is so large such that joinder would be impracticable. Rather, Defendants' arguments attack the propriety of maintaining this action as a class action by addressing the merits of the case. Resolution of the sole issue in this case—whether the placard surcharge violates the ADA—will most likely involve answering the question whether the placard is "required" as defined by the ADA regulations. Thus, Defendants would have the Court answer this question in their favor at this point in the proceedings in order to defeat class certification or to reduce the putative class size. Such a request requires the Court to impermissibly reach the merits of this action in determining whether to certify this as a class action. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974) ("We find nothing in either the language of history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").

At this time in the proceedings, the Court cannot envision a way to redefine the class description, and therefore reduce the class size, so as to meet Defendants' arguments because to do so would require reaching the merits of the case. The Court is mindful that the best way to ascertain class membership is to define the class in objective terms, without consideration of the merits of the claim. 1 H.B. Newberg & A. Conte, *Newberg on Class Actions,* § 6.14 at 6–61 (3d ed.1992). "Such a definition in terms of objective characteristics of class members avoids problems of circular definitions which depend on the outcome of the litigation on the merits before class members may be ascertained, and does not require the court to engage in an impermissible consideration of the merits of the claims in connection with its class certification determination." *Id.* Once the class is defined in objective terms, then the "definition may be qualified by adding appropriate language describing the claims made on behalf of the class in the

litigation." *See Manual for Complex Litigation,* Second § 30.14 (2d ed.1985). Therefore, we decline at this time to redefine the class as Defendants request.

■ Plaintiff has defined the class in objective terms that are ascertainable as of this date. Assuming Plaintiff's allegation that there are over 300,000 people in the putative class is true, we find that the numerosity requirement has been satisfied because it would be impracticable to join that many people in one suit.

## 2. Commonality

■ In order to satisfy Rule 23(a)(2), there must be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The commonality requirement is satisfied " 'as long as the members of the class have allegedly been affected by a *general* policy of the defendant and the general policy is the focus of the litigation.' " *Day,* 144 F.R.D. at 333 (quoting *Sweet v. General Tire & Rubber Co.,* 74 F.R.D. 333, 335 (N.D.Ohio 1976)) (emphasis in original). The commonality test is qualitative, not quantitative. *In re AMS,* 75 F.3d at 1080 (quoting 1 Newberg, *supra,* § 3.10 at 3–50). There need be only a single question of law or fact common to all members of the class. *Id.* "[T]he mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Sterling v. Velsicol Chemical Corp.,* 855 F.2d 1188, 1197 (6th Cir.1988).

■ Here, the common issue requirement is easily established. A lawsuit filed by any member of the putative class would require resolution of the same legal issue—whether the Ohio statute placing a surcharge on the obtainment of a permanent windshield placard violates the ADA. It is alleged that each of the class members

(1) have (or transport persons who have) disabilities as described by Ohio Revised Code Section 4503.44; (2) have (or transport persons with) disabilities within the meaning of the Americans with Disabilities Act; (3) have been, or will in the future be,

required to purchase parking permanent windshield placards; and (4) have been, or will be, required to pay Defendants in order to receive permanent windshield placards allowing use of parking spaces set aside for the exclusive use of persons with disabilities.

All members of the putative class have been affected in the same way by Defendant's general statutory scheme, that of charging a fee for the obtainment of a placard, and the general statutory scheme is the focus of this litigation. Therefore, the issues of liability are identical as to all class members.

Moreover, all class members seek the same relief, injunctive and declaratory relief as well as reimbursement of past fees which were allegedly unlawfully charged and collected by Defendants.

### 3. Typicality

■ Rule 23(a)(3) also requires that "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). A representative's claim need not always involve the same facts or law to be typical, provided there is a common element of fact or law. *Senter*, 532 F.2d at 525 n. 1. The typicality requirement ensures that the representative's interests will be aligned with those of the represented group and that the named plaintiff will also advance the interests of the class members. *In re AMS*, 75 F.3d at 1082 (citing 1 Newberg, *supra*, § 3.13, at 3–75). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Id.* (citing 1 Newberg, *supra*, § 3.13, at 3–76).

■ Joel Thrope's claim is typical of the claims of the other class members. He satisfies the criteria for a placard as outlined in § 4503.44 and alleges he is a qualified individual with a disability, covered by the protections of the ADA. He has been required to pay a surcharge of $5.00, and he will be required to pay an additional surcharge upon replacement or renewal. All members of the

putative class allegedly qualified under the same standards to obtain the placard, are qualified individuals with disabilities, and were required to pay the surcharge to obtain the placard initially and to renew or replace the placard. Therefore, Mr. Thrope's interest is properly aligned with those of the other putative class members.

### 4. Adequacy

■ Finally, Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). There are two criteria for determining the adequacy of representation: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 525; *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977) (Rule 23(a)(4) tests "the experience and ability of counsel for plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent."). This requirement overlaps with the typicality requirement. *In re AMS*, 75 F.3d at 1083.

■ For the reasons stated under the typicality analysis, we find that Mr. Thrope has a common interest with the unnamed putative class members and this common interest will motivate him to vigorously prosecute the interests of the class. Mr. Thrope asserts in his motion that he is capable and willing to proceed as a class representative. Further, having reviewed the affidavits of counsel for Mr. Thrope, the Court finds that counsel for the putative class have the requisite experience in class action litigation to protect and advance the interests of the class members. Accordingly, we find that the adequacy requirement has been satisfied.

### B. Rule 23(b)

Initially, we note that Defendants objected to certification on the grounds that Plaintiff fails to satisfy the requirements of Rule 23(b). Specifically, Defendants argue that certification is inappropriate under Rule 23(b)(1). Plaintiff, however, has not sought

certification of a class under Rule 23(b)(1). Rather, Plaintiff has sought certification of a class under Rules 23(b)(2) and (b)(3). Certification of a class is appropriate if it qualifies under at least one of the subdivisions of Rule 23(b). *In re AMS*, 75 F.3d at 1079. Therefore, we need only decide whether class certification is appropriate under Rule 23(b)(2) or (b)(3).

### 1. Rule 23(b)(2)

An action is maintainable under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

■ Here, Plaintiff alleges that "[p]ursuant to § 4503.44, Defendants have been charging, and continue to charge, members of the class $5.00 for each permanent windshield placard, for each renewal of a permanent windshield placard, and for each replacement permanent windshield placard, in addition to other administration fees charged by deputy registrars throughout the state." Plaintiff seeks an Order of the Court declaring that such charges violate the ADA and enjoining Defendants from continuing to charge a fee for such placards. Thus, the present action is appropriate for class certification pursuant to Rule 23(b)(2). *See Senter*, 532 F.2d at 525 ("Lawsuits alleging classwide discrimination are particularly well suited for 23(b)(2) treatment since the common claim is suspectable to a single proof and subject to a single injunctive remedy."); *Kutschbach v. Davies*, 885 F.Supp. 1079, 1086 (S.D.Ohio 1995) (finding action where plaintiff sought the declaration that an Ohio statute is unconstitutional on its face and as it has been or will be applied to class members was "well-suited" to class certification under Rule 23(b)(2)).

Accordingly, we find that the requirements of Rule 23(b)(2) have been met.

### 2. Rule 23(b)(3)

In order to maintain an action under Rule 23(b)(3), the court must find

that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b)(3). This subdivision of Rule 23 parallels subdivision (a)(2) insofar as they both require the existence of a common question; however, subdivision (b)(3) "contains the more stringent requirement that common issues 'predominate' over individual issues." *In re AMS*, 75 F.3d at 1084. According to Rule 23(b)(3),

[t]he matters pertinent to the findings include: (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

■ Here, we find that the common issues involving the interpretation of the ADA and the Ohio statutory scheme predominate over any individual issues. There is no dispute as to the applicable law. There are no variations in state law to take into consideration because federal law applies. The only individual issue to be determined relates to damages, namely, how many placards a class member purchased. *See* 1 Newberg, *supra*, § 4.26 at 4–90, 4–91 (citing Rules Advisory Committee Notes to 1966 Amendments to Rule 23, 39 F.R.D. 69 (1966)) (stating the need for individual proof of damages "will not preclude a finding of predominance."). Defendants do not identify what individual issues negate a finding of predominance.

Moreover, the class action is the superior method of managing this dispute which involves a large number of class members who have a relatively small amount of individual damages. Providing a forum for small claimants is a relevant consideration in determining class certification under Rule 23(b)(3). 1 Newberg, *supra*, § 4.39 at 4–161. "When

the entire class is composed of small claimants, neither joinder nor intervention would be a realistic available alternative" and "denial of a class action would effectively exclude them from judicial redress." 1 Newberg, *supra*, § 4.27 at 4–109. Here, the class action vehicle provides a realistic means of having each class member's claim addressed. Moreover, judicial economy is clearly advanced by the consolidation in one forum of 300,000 individual suits.

Accordingly, we find that the requirements of Rule 23(b)(3) have been met.

## C. CERTIFICATION

Although we have found that the requirements of both Rules 23(b)(2) and (b)(3) have been met, we CERTIFY this action as a class action under Rule 23(b)(2). From a review of the Amended Complaint, it appears that the primary relief sought by Plaintiffs is injunctive relief. Therefore, Plaintiff's request for reimbursement does not preclude certification under Rule 23(b)(2). *See Senter*, 532 F.2d at 525 (where the "primary prayer was for injunctive relief," the additional request for back pay in a Title VII class action did not preclude certification under Rule 23(b)(2)); *Putnam v. Davies*, 169 F.R.D. 89, 95 (S.D.Ohio 1996) (finding class action maintainable under Rule 23(b)(2) where plaintiffs sought both injunctive and monetary relief in an action challenging the constitutionality of an Ohio statute); 1 Newberg, *supra*, § 4.14 at 4–46, 4–47. Accordingly, we GRANT Plaintiff's Motion for Class Certification.

## II. SCHEDULING ORDER

Due to the delay in issuing this Order, the Court hereby VACATES its previous Scheduling Order (doc. 11). This case will proceed to trial as follows: Discovery must be completed by August 1, 1997. Any motions must be filed by September 1, 1997. A Final Pretrial Conference is tentatively scheduled for November 24, 1997, at 3:00 p.m. A two-day bench trial is tentatively scheduled for December 22, 1997.

SO ORDERED.