*Smith v. Town of East Montpelier*, No. 278-5-18 Wncv (Teachout, J., Mar. 19, 2019).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 278-5-18 Wncv** |

**JEREMY SMITH and ERICKA SMITH**
**o/b/o ROWEN SMITH**
    **Plaintiffs**


        **v.**


**TOWN OF EAST MONTPELIER and**
**BRUCE JOHNSON, Individually and as**
**East Montpelier's Municipal 9-1-1 Coordinator**
    **Defendants**


### DECISION
### Defendants' Motion to Dismiss


Plaintiffs Jeremy Smith and Ericka Smith live in and are taxpayers of the Town of East Montpelier. Their young son, Plaintiff Rowen Smith, has a serious medical condition that could require Town-provided emergency medical services (EMS) following a 9-1-1 call. They believe, however, that the neighboring City of Montpelier can more effectively deliver EMS to their address due both to the respective locations of the Town's and the City's fire departments and allegedly higher quality of the first responders available from the City. They initiated this litigation against both the Town and the City claiming an entitlement to EMS services from the municipality of their choice, the City, regardless that they choose to live in the Town and Town-provided services are available. In prior proceedings, all claims against the City were dismissed.

Plaintiffs then amended their complaint. The amended complaint adds as a defendant Bruce Johnson, who is alleged to be the Town's 9-1-1 Coordinator. They now claim (Count I) that Mr. Johnson "unlawfully delegated" his "authority" to require the City to respond to Plaintiffs' 9-1-1 calls to the Fire Chief of the East Montpelier Fire Department. They also claim (Count II) that the Town, by not requiring the City to provide EMS to Plaintiffs at their East Montpelier residence, has discriminated against Rowen in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111–12213.

The Town and Mr. Johnson now seek dismissal for the following reasons: (1) Plaintiffs lack standing because there is no injury; (2) any claim against Mr. Johnson can only be brought against the Town pursuant to 24 V.S.A. § 901(a); (3) municipal 9-1-1 coordinators are shielded from liability pursuant to 30 V.S.A. § 7060; (4) there can be no viable "unlawful delegation" claim; and (5) there can be no viable ADA claim.

In dismissing the claims against the City, the Court observed: "In short, Plaintiffs essentially assert what they view as a moral duty obligating one municipality to freely provide to the residents of another a service that the other municipality does not see fit to offer, or offer as

effectively, to its own citizens. *They have not, however, identified any legal claim by which they may enforce any such duty.*" Decision 2 (Aug. 2, 2018) (emphasis added). The reformulated claims of the amended complaint suffer the same defect. Plaintiffs have been unable to identify any legal duty which could be enforced to compel either the Town or Mr. Johnson to do something that would result in the City, rather than the Town, providing EMS to Plaintiffs at their East Montpelier residence. The lack of any cognizable legal duty informs all of Defendants' dismissal arguments.

*The claim against Mr. Johnson*

The claim in the amended complaint against Mr. Johnson is that he unlawfully delegated his "authority," as Municipal 9-1-1 Coordinator for the Town of East Montpelier, to compel a different municipality, the City, to provide EMS services to a residence in the Town to a person who had no interest in complying with that obligation. This claim is predicated on the existence of a relevant legal duty on the part of Mr. Johnson—he could not have unlawfully delegated some obligation he had no lawful duty to undertake in the first place. Plaintiffs do not point to any legal basis for the duty they attribute to Mr. Johnson, however, whether in his capacity as Municipal 9-1-1 Coordinator, Town Manager, or otherwise. They cannot claim that Mr. Johnson (or his alleged delegee) has breached some legal duty without cogently asserting the existence of that duty. Mr. Johnson is entitled to dismissal of this claim. It is unnecessary to address his other arguments in support of dismissal.

*The ADA claim*

Plaintiffs' ADA claim falls under Title II of the ADA, 42 U.S.C. §§ 12131–12165. According to § 12132, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." There is no cogent allegation in this case that Rowen Smith is being denied the benefit of Town-provided EMS services due to any limitation caused by his disability. There is no allegation that he is being denied that benefit *at all*. Rather, his claim is that he would prefer a benefit (EMS services provided by the City) that he perceives as better that other Town residents do not get. See 1 Americans with Disab.: Pract. & Compliance Manual § 2:20 ("The purpose of ADA Title II is to ensure evenhanded treatment between the disabled and the able-bodied, not to give disabled individuals an unfair advantage. . . . The ADA does not require states to provide a level of care or specific services, but once states choose to provide certain services, they must do so in a nondiscriminatory fashion. *Thus, a state is not obligated to provide new programs or services to the disabled which it has not previously provided to any group.*" (footnotes omitted) (emphasis added)); *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir. 1996) ("The purpose of the Act is to place those with disabilities on an equal footing, not to give them an unfair advantage."). This is insufficient to state a claim for a violation of Title II of the ADA.

It is unnecessary to address Defendants' other arguments in favor of dismissal.

2

ORDER

For the foregoing reasons, Defendants' motion to dismiss is *granted*.

Dated at Montpelier, Vermont this ____ day of March 2019.

_____
Mary Miles Teachout,
Superior Judge