**Ignatius SANNA, et al., Plaintiffs,**

v.

**DELTA AIRLINES, Defendant.**

**No. C89–833.**

United States District Court,
N.D. Ohio, E.D.

Aug. 3, 1990.

---

10. Fed.R.Civ.P. 12(h)(2).

**48**

Edward I. Stillman, Miller, Stillman & Bartel, Cleveland, Ohio, for plaintiffs.

John E. Martindale, Margaret Mary Meko, Benesch, Friedlander, Cleveland, Ohio, for defendant.

## MEMORANDUM and ORDER

BATTISTI, District Judge.

In this case involving alleged physical and emotional injuries on an international flight, and thus an interpretation of the Warsaw Convention, 49 U.S.C.App. § 1502.[1] Defendant Delta Airlines ("Delta") has moved for summary judgment because it argues, as a matter of law, Plaintiffs emotional injuries, such as air phobia, are not legally cognizable as "any other bodily injury" under Article 17 of the Warsaw Convention. It also argues that the state law claims, for negligence and breach of warranty, are preempted by the Treaty.[2] Fed.R.Civ.P. 56. Apparently, the issue is one of first impression in this Circuit. Since Plaintiffs also seek to represent a class of passengers, they have moved for class certification. Delta had previously moved to dismiss the class action Complaint. For the following reasons, the Court, without prejudice, DENIES the Motion for Summary Judgment as to the individual claims; DENIES the Motion for Class Certification, and DISMISSES the class action claims in the Complaint. Fed. R.Civ.P. 56.

The factual allegations will be briefly summarized. On May 3, 1987, Plaintiffs Ignatius and Ruth Sanna were passengers on Delta Airlines Flight # 88, a commercial flight departing from Atlanta, Georgia *en route* to Bermuda. Delta is a common carrier. While the plane was in a departure altitude phase of its takeoff from Atlanta, the aircraft's mechanical, hydraulic, power, control or operating systems malfunctioned. As a result, the plane began to experience violent vibrations, loss of control and altitude, forcing the approximately two hundred fifty passengers, including the Sannas, to prepare for an emergency landing. The plane returned to Atlanta. In this lawsuit,[3] Mr. Sanna alleges he has suffered physical and emotional injuries, including headaches, nausea, loss of appetite, physical weakness, sleeplessness, severe and permanent emotional distress, fright, anguish and shock. *See* Plaintiffs' Brief in Opposition, Exh.D.[4] Mr. Sanna has been examined and diagnosed by two psychologists as having air phobia, or fear of flying. Mrs. Sanna seeks damages for loss of consortium.

### A. Motion for Summary Judgment

For purposes of this Motion only, Delta does not dispute that Mr. Sanna suffered the injuries he alleges; assuming these facts present injury, it argues that, as a

---

**1.** The Convention for Unification of Certain Rules Relating to International Transportation by Air ("Warsaw Convention"), concluded at Warsaw, Poland, October 12, 1929, adhered to by the United States June 27, 1934, 49 Stat. 3000, 3014 (1934), T.S. No. 876, reprinted in 49 U.S.C.App. § 1502 note. The Warsaw Convention is an international treaty to which the United States is a party. *Air France v. Saks,* 470 U.S. 392, 396, 105 S.Ct. 1338, 1341, 84 L.Ed.2d 289 (1985).

**2.** Although declining to rule on this issue now, ultimately, this Court will have to address the issue.

**3.** Before this case was filed as a purported class action in federal court, the Sannas filed an action on behalf of themselves only in the Court of Common Pleas, Cuyahoga County, Case No. 135675, which they voluntarily dismissed on January 25, 1989.

**4.** These injuries, as a matter of law, may be viewed as physical, emotional, or a combination of both. It is not necessary, at this juncture, to decide the issue.

matter of law, they do not state a claim under the Warsaw Convention. Thus, the issues raised are: 1) whether the Warsaw Convention provides an independent cause of action for such personal injuries, and 2) to what extent does the Warsaw Convention preempt state law.

The parties do not dispute that the Warsaw Convention governs this action; furthermore, as Delta has argued, the Treaty may preempt the state law causes of action.[5]

The Sannas argue that Courts have recognized emotional injuries as cognizable injuries under Article 17 of the Warsaw Convention.[6] They rely on several decisions, especially the comprehensive and seminal decision of the Eleventh Circuit in *Floyd v. Eastern Airlines*, 872 F.2d 1462 (11th Cir. 1989), (holding that the "any other bodily injury" clause in Article 17 of the Warsaw Convention creates a cause of action for recovery of purely emotional injuries unaccompanied by physical harm.) Delta, in turn, relies upon contrary decisions that predate *Floyd* and *Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985) (Holding that French law controls the interpretation of the Warsaw Convention.) *See Rosman v. Trans World Airlines, Inc.*, 34 N.Y.2d 385, 358 N.Y.S.2d 97, 107, 314 N.E.2d 848, 855 (1974) (Bodily injury in the Treaty connotes "palpable, conspicuous physical injury"); *Burnett v. Trans World Airlines*, 368 F.Supp. 1152 (D.N.M.1973) (Pyschic injury unaccompanied by physical harm is not compensable as "bodily injury" under the Warsaw Convention.)

The Court takes notice that a Petition for a Writ of Certiorari was filed on April 10, 1990 in the *Floyd* case, *sub nom. Eastern Airlines Inc. v. Floyd*, No. 89–1598. On June 4, 1990, the Supreme Court GRANTED the Petition, —— U.S. ——, 110 S.Ct. 2585, 110 L.Ed.2d 266; the Questions Presented are:

1) In view of presumed liability under Warsaw Convention for death, wounding, or any other bodily injury, is air carrier liable for fright, psychic injury, or emotional distress absent objective bodily injury or absent any physical manifestation of injury?

2) Does Montreal Agreement, which modifies Warsaw Convention and which eliminates air carrier's "due care" defense, make international air carriers insurers of their passengers against any fright, psychic injury, or emotional distress absent showing of objective bodily injury or absent physical manifestations of injury?

59 U.S.L.W. 3018 (July 17, 1990).

*Floyd* will present some issues involved in this case; the "bodily injury" in this case may be characterized as partly emotional, partly physical—but perhaps, not physically manifested.[7] Because a Supreme Court decision will, no doubt, greatly aid this Court and the parties, this case will be STAYED until forty-five days after the Supreme Court's decision in *Floyd*. After the Supreme Court has reached its decision in *Floyd*, the parties are INSTRUCTED to brief, within thirty days of that decision, pertinent issues in *Floyd* as they apply to this case, and, if necessary, to renew or make motions. Thus, in the interest of justice and orderliness, the Motion for Sum-

---

5. Strangely, the Sannas have not responded to the preemption argument, which seems to have merit. It is, however, unnecessary, and perhaps unwise—in light of conflicting court decisions—to decide the preemption issue at this juncture.

  Undoubtedly, air passengers who read the fine print on the back of their tickets may become familiar with the reference to the Warsaw Convention. The usual applicability is a cap on damages for accidents and damage to luggage.

6. Article 17 of the Warsaw Convention Treaty reads:

The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger **or any other bodily injury suffered by a passenger,** if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

*49 Stat. 3014, reprinted at note following 49 U.S.C.App. § 1502.*

7. Although it is not clear whether the Supreme Court will hear the preemption issue, its decision may give some guidance.

mary Judgment, as a matter of law, is DENIED without prejudice.

### B.  Motion to Certify Class

The Court will, however, decide the Motion to Certify the Class Action and the Motion to Dismiss the Class Action Claim.[8] The Sannas argue that they have satisfied the requirements for certifying, that this case involves "mass tort litigation,"[9] and since damages are the only relief requested, this would be a Rule 23(b)(3) class.

In order to certify a class action, all of the requirements of Fed.R.Civ.P. 23(a) must be met:

> a) Prerequisites to Class Action: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. (Emphasis supplied.)

Fed.R.Civ.P. 23(a).

The "burden to show the existence of the prerequisites of a class action rests upon the one asserting the class, including some evidence of reasonable estimate of the number of class members." 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.05[3] at 150 (2d ed.1987). All four requirements have not been met, but only two need be discussed. Although there were allegedly 250 passengers aboard the flight, only two—the Sannas—claim to have suffered have any injury—and only one, Mr. Sanna, has any emotional injury claim. Since the case at bar is governed by the Warsaw Convention, if other passengers did not suffer "any other bodily injury"—e.g., physical, emotional, or a combination of both, then there would not be numerosity. There has been little, if any, showing that any other passengers suffered air phobia or emotional injury from the flight; nor is it explained why joinder is impracticable.

Second, the typicality requirement does not appear to be met. Serious emotional injuries, may, where physical impact is involved—such as an airplane crash, flood, fire, etc., be typical. *In Re Federal Skywalk Cases,* 93 F.R.D. 415 (W.D.Mo.1982) (collapse of two skywalks in hotel lobby, 113 deaths, 212 persons hospitalized or treated, substantial number of people present may have emotional injury, but compensatory damages is unique to each member of class.) However, Courts have been hesitant to find "emotional injuries" typical. *Alvarado Morales v. Digital Equipment Corp.,* 669 F.Supp. 1173, 1185 (D.Puerto Rico 1987) (emotional injury is inherently individual); *In Re: Three Mile Island Litigation,* 87 F.R.D. 433 (M.D.Pa. 1980) (Claims for physical injury and emotional distress are diverse and personal). The Court is reluctant to conclude on the basis of the submissions thus far that Mr. Sanna's claims are typical.

Furthermore, since this would be a 23(b)(3) class for monetary relief, potential members would have to be given a chance to opt out. Thus, with numerosity and typicality so weak, the Court would be trying, essentially, an individual personal injury action. Therefore, the Motion for Class Certification is DENIED, and the Class Action Claim is DISMISSED.

This case, however, may proceed as an individual action by the Sannas.

---

**8.**  Despite Delta's argument for a stay of briefing schedule on the class certification issue, so that its pending motions to Dismiss may be decided, the Sannas have already moved to Certify the Class without requesting a hearing. Under Local Rule 3.01, the Motion is decided on written submissions alone.

**9.**  In certain evolving areas of mass tort litigation, such as toxic torts, there have been limited types of class actions allowed under Rule 23(b)(3). *See Jenkins v. Raymark,* 782 F.2d 468 (5th Cir.1986) (Asbestos litigation; limited to particular issues, such as state of the art and punitive damages.); *In re Asbestos School Litigation,* 104 F.R.D. 422 (E.D.Pa.1984), aff'd in relevant part, rev'd in part, 789 F.2d 996 (3d Cir. 1986) (Weis, J.) (opt-out class for compensatory damages).

Accordingly, the Motion for Summary Judgment is DENIED without prejudice and this case is STAYED until forty-five days after the Supreme Court's disposition of *Eastern Airlines, Inc. v. Floyd,* ⸺ U.S. ⸺, 110 S.Ct. 2585, 110 L.Ed.2d 266. The parties shall, as outlined above, submit briefing and, if necessary, renew or submit Motions within thirty days after the decision in Floyd; the Motion to Certify the Class Action is DENIED, and the class action claims are DISMISSED.

IT IS SO ORDERED.