DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Erie County Court of Common Pleas, which granted appellees' motion for class certification. For the reasons that follow, we find that the judgment of the Erie County Court of Common Pleas should be affirmed.
Libby Walker and Joanna Hayth, the named plaintiffs in this action and appellees here, filed this class action complaint on behalf of themselves and those similarly situated. They allege that they either gave birth to a stillborn baby (Walker) or suffered a miscarriage (Hayth) for which they were treated at appellant Firelands Community Hospital.[1]
According to appellees' complaint, during the time period from 1988 through 1996, appellant improperly or inhumanely disposed of fetuses or products of conception. They also alleged that appellant was vicariously liable for defendant Patricia Lukas, a former employee of appellant, who, during the same time period, improperly and unlawfully retained possession of the bodies of stillborn babies, fetuses, and other products of conception. Appellees contend that, in doing so, appellant and Lukas violated certain Ohio statutes and the common law with regard to the handling of bodies and fetuses, that they committed fraud, and that they negligently and intentionally inflicted emotional distress.
Appellees moved for class certification. According to the trial court, it conducted two evidentiary hearings on the motion. Following the hearings, the trial court granted class certification, finding the class to be at least one-hundred five plaintiffs and perhaps as many as one thousand. The trial court certified the following class:
 "All persons who delivered a stillborn child or otherwise suffered a miscarriage at Firelands Community Hospital from January 1, 1988 through 1996 and for whom the hospital disposed of the stillborn child or miscarried fetus."
Appellant appeals this judgment, setting forth the following assignment of error:
 "The Court of Common Pleas of Erie County committed reversible error in certifying a class action lawsuit pursuant to Ohio Civ.R. 23(B)(3). See, Class Certification Order filed January 5, 2001."[2]
A trial court has broad discretion in determining whether to certify a class pursuant to Civ.R. 23. See Baughman v. State Farm Mut. Auto. Ins. Co. (2000), 88 Ohio St.3d 480, 483; Marks v. C.P. Chem. Co. (1987),31 Ohio St.3d 200, syllabus. Accordingly, we will not reverse such a decision unless the trial court abused its discretion. Id. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
The Supreme Court of Ohio has held that, before certifying a class, a trial court must make seven affirmative findings — five that are specifically required by Civ.R. 23 and two that are implicit in that rule. Warner v. Waste Mgmt., Inc. (1988), 36 Ohio St.3d 91, paragraph one of the syllabus. With regard to the five specific requirements, the trial court must make findings that the four prerequisites in Civ.R. 23(A) are met and that one of the prerequisites of Civ.R. 23(B) is met. Civ.R. 23(A) and (B) provide:
"(A) Prerequisites to a class action
 One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 "(B) Class actions maintainable
 An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 "(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
 (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
In addition, two implicit requirements must be met: that an identifiable class exists and that the class representative is a member of the class.Warner, 36 Ohio St.3d at 96.
In making these determinations, the trial court must not consider the merits of the case, except as necessary to determine whether the Civ.R. 23 requirements are met. Ojalvo v. Bd. of Trustees of Ohio State Univ. (1984), 12 Ohio St.3d 230, 233. Finally, the party seeking class certification has the burden of showing that class certification is appropriate. State ex rel. Ogan v. Teater (1978), 54 Ohio St.2d 235,247. It must appear to the court by a preponderance of the evidence that the requirements of Civ.R. 23 are met. Warner, 36 Ohio St.3d at 94.
I. THE EXPRESS PREREQUISITES OF CIV.R. 23(A)
A. Numerosity
The first express requirement for class certification under Civ.R. 23(A) is numerosity. In other words, according to Civ.R. 23(A)(1), class certification is proper where the "class is so numerous that joinder of all members is impracticable." Generally, if a proposed class consists of more than forty individuals, numerosity is met. Id. at 97. In this case, appellees offered evidence that the class consists of at least eighty persons and perhaps many more. We cannot say that the trial court abused its discretion in finding that the numerosity requirement is met.
B. Commonality
The commonality requirement is met where there is either a "common nucleus of operative facts" or where legal or factual issues are common to the class. Marks, 31 Ohio St.3d at 202; Lowe v. Sun Refining Marketing Co. (1992), 73 Ohio App.3d 563, 570. It is not necessary that all legal and factual questions be common to the class. Marks,31 Ohio St.3d at 202. If legal or factual issues differ, the court will evaluate whether those differences defeat class certification when it analyzes the predominance and superiority requirements of Civ.R. 23(B)(3). Id. The commonality requirement should be given a permissive application. Id.;Warner, 36 Ohio St.3d at 97.
In this case, the claims arise from a common nucleus of operative fact (the alleged improper disposal or storage of fetal tissue and products of conception), and common legal and factual questions exist as to liability. Since this is the case, the trial court did not abuse its discretion in finding that the commonality requirement is met.
C. Typicality
The third express requirement of Civ.R. 23(A) is that the class representatives' claims must be typical of the class members' claims. According to the Supreme Court of Ohio, the purpose of the typicality requirement is to protect absent class members. Marks,31 Ohio St.3d at 202. The court has held that "[t]he requirement is met where there is no express conflict between the representative party and the class." Id.
Here, there is no express conflict between the class representative and the class members. However, appellant contends that, because the plaintiffs in this case allege only emotional damages, their claims are not "typical" of the class members' claims; according to appellant and the authority it relies on, emotional damages are so individualized and "idiosyncratic" that they are never "typical." See, e.g., Sanna v. DeltaAir (N.D.Ohio. 1990), 132 F.R.D. 47, 50; Doe v. Virginia PrivacyLitigation (Oct. 29, 1999), W.D.Va. No. 2:97CV00043, unreported; Ikonenv. Hartz Mountain Corp. (S.D.Cal. 1988), 122 F.R.D. 258, 262-263. Other courts, however, have held that emotional injuries can be typical and that any differences in degree can be handled in the claims procedure. See, e.g., Day v. NLO, Inc. (S.D.Ohio 1992), 144 F.R.D. 330, 334-335, appeal dismissed on other grounds (1993), 3 F.3d 153. Similarly, the Sixth District United States Court of Appeals has held that differences in damages should not necessarily defeat class certification. SeeSterling v. Velsicol Chem. Corp. (C.A.6, 1988), 855 F.2d 1188, 1197. According to that court:
 "[N]o matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action. Consequently, the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible.
"* * *.
 "[W]here the defendant's liability can be determined on a class-wide basis because the cause of the disaster is a single course of conduct which is identical for each of the plaintiffs, a class action may be the best suited vehicle to resolve such a controversy." Id. at 1197.
Sterling was cited with approval by this court in Lowe, in its discussion of the Civ.R. 23(B)(3) requirements of predominance and superiority. SeeLowe, 73 Ohio App.3d at 571-573.
While we recognize the split of authority on the question of whether emotional damages can ever be "typical," we believe that the better reasoned view is that expressed by the courts in Day and Sterling that, as long as common questions exist as to liability, any differences in damages can be handled on an individual basis. As the Supreme Court of Ohio has noted, "typical" does not mean "identical." Planned ParenthoodAssn. of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56,64, rehearing denied (1990), 53 Ohio St.3d 706. Therefore, the trial court did not abuse its discretion in finding that the typicality requirement is met.
D. Adequacy of Representation
This prerequisite has two components: first, the class representatives must fairly and adequately represent the class, and second, class counsel must be experienced in handling class action litigation. Warner,36 Ohio St.3d at 98. These requirements protect the due process rights of the absent class members who will not, individually, have their "day in court." Marks, 31 Ohio St.3d at 203. The first component, the adequacy of the class representatives, is satisfied as long as the class representatives' interests are not antagonistic to the class members' interests. Id. In this case, according to appellees' brief, Libby Walker has chosen not to serve as a class representative. Therefore, we must evaluate the adequacy of the class representatives' representation only as to appellee Joanna Hayth.
Clearly, Hayth's interests are not antagonistic to the interests of the class members. Nevertheless, appellant contends that Hayth cannot be an adequate representative because she is not a member of the class. This argument will be discussed later, when we address the two implicit requirements of Civ.R. 23.
As to the adequacy of class counsel, appellant does not contend that counsel for the plaintiffs is inadequate, and it appears from the record that this litigation has proceeded in an orderly and ordinary fashion and that the litigation has in no way suffered from lack of experience or funds. Accordingly, the trial court did not abuse its discretion in finding that both components of the adequacy-of-representation requirement were met.
II. THE CIV.R. 23(B) REQUIREMENTS
In addition to satisfying the requirements of Civ.R. 23(A)(1)-(4), parties seeking class certification must also satisfy one of the prerequisites of Civ.R. 23(B). Although appellees stated in their motion to certify that they were seeking certification under Civ.R. 23(B)(2) and only alternatively under Civ.R. 23(B)(3), they briefed only (B)(3) and were granted certification under that section. Therefore, we will discuss whether appellees satisfied Civ.R. 23(B)(3).
Before certifying a class under Civ.R. 23(B)(3), the trial court must find that common questions of law or fact predominate over questions of law or fact affecting only individuals ("predominance") and that the class action is a superior method of resolving the litigation ("superiority"). See Civ.R. 23(B)(3). With regard to the predominance requirement, it is not enough that some common questions exist; the common questions must form a "significant part" of the case and it must be possible to resolve these common questions for all members in a single adjudication. Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 313. With regard to the superiority requirement, the court must evaluate all methods of adjudication to determine whether a class action is superior. In doing so, the court should consider the four factors listed in Civ.R. 23(B)(3).
We agree with the trial court that common questions predominate. The common questions include whether appellant improperly stored or disposed of fetuses or stillborn children and whether this caused damage to the class members. Of course, some individual questions exist, such as the extent of the damages for each individual plaintiff, but the common fact and legal questions are the most significant aspect of the case. SeeSchmidt, 15 Ohio St.3d at 313. We also agree with the trial court that the class action is the superior method for resolving this litigation. A single trial would be more efficient than eighty or more individual trials that could lead to inconsistent results, and the difficulties managing this case as a class action, given the issues, appears to be minimal. Moreover, as the trial court noted, it does not appear that there is any particular need for any class members to individually control the litigation. See Civ.R. 23(B)(3)(a)-(d). Accordingly, the trial court did not abuse its discretion in finding that the requirements of Civ.R. 23(B)(3) have been met.
III. THE IMPLICIT PREREQUISITES OF CIV.R. 23
Finally, courts have held that, though not expressly stated in Civ.R. 23, two requirements are implicit in that rule: that an identifiable class exists and that the class representatives are members of the class. See Warner, 36 Ohio St.3d at 96. First, the proposed class must be defined in such a way that the members of the class can be identified with "reasonable effort." Warner, 36 Ohio St.3d at 96. The court inWarner gave examples of classes that are too amorphous to satisfy the "identifiable class" requirement: "all people active in the peace movement," "all poor people," and "all people who have been or may be harassed by the police." Id. Unlike these definitions, the class in this case, as certified, is definite. It includes a time frame, a place, and the specific conduct for which the class members seek redress. For these reasons, the trial court did not abuse its discretion in finding that the class is identifiable.
Second, the class representatives must be members of the class. In this case, the class as defined includes those who suffered a miscarriage or a stillbirth at Firelands Hospital during a particular time-frame and for whom the hospital "disposed of the stillborn child or miscarried fetus." Appellant contends that Hayth is not a member of the class because she did not miscarry a fetus while at the hospital. In her affidavit in support of class certification, Hayth averred that she suffered a miscarriage at Firelands Hospital and that she trusted appellant with the disposal of "any deceased baby." She also averred that she was "devastated" that appellant did not treat the remains of "her baby" with dignity. In another affidavit filed in connection with appellants' motion for summary judgment, Hayth averred that she was admitted to Firelands Hospital for a D C and that she was emotional over the loss of her child. She stated that she asked her doctor what would become of her baby, and her doctor told her that it would be cremated. However, appellant points to a pathology report describing the tissue removed from Hayth during the D C. The tissue is described as being "placental" and "endometrial" in origin. The pathologic diagnosis is "products of conception." According to appellant, this document shows that Hayth did not actually miscarry a fetus at the hospital; therefore, appellant did not dispose of her fetus. Thus, according to appellant, Hayth is not a member of the class.
We note the discrepancy in the evidence as to whether Hayth miscarried a fetus at Firelands Hospital and appellant disposed of that fetus. However, we also note that the trial court heard argument and took evidence in connection with the certification motion, and the transcripts of those hearings have not been made available to us. Because we do not have before us all of the information that was before the trial court, we must presume the regularity of the trial court's proceedings. See Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, we cannot say that the trial court erred in finding that Hayth was a member of the class.[3]
Since we conclude that all of the express and implicit requirements of Civ.R. 23(A) and (B)(3) have been met, we find that the trial court did not abuse its discretion in certifying the class.
On consideration whereof, we find that substantial justice has been done the party complaining, and the decision of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.
[1] Firelands is the only appellant in this appeal.
[2] Appellant devotes much of its brief attempting to persuade this court that appellees cannot succeed on the merits. However, appellant only seeks review of the trial court's decision to grant class certification. We therefore confine our decision to the requirements of Civ.R. 23 and whether they have been met. In fact, we can do little else: It is well-established that a court may not consider the merits when deciding whether a class should be certified, except for the limited purpose of determining whether the Civ.R. 23 requirements have been met. See Ojalvo v. Bd. of Trustees of Ohio State Univ. (1984),12 Ohio St.3d 230, 233.
[3] Appellees also argue that appellant did not raise this argument in the trial court. Appellant disputes this contention. Nevertheless, since the trial court determined that Hayth was a member of the class, we may review this decision.